IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| KANEKA CORPORATION, a Japanese Corporation<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SKC KOLON PI, INC., a Korean Corporation and SKC, INC., a Georgia Corporation<br><br>　　　　　　　Defendants. | CIVIL ACTION No. 1:10-cv-430<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Kaneka Corporation ("Kaneka") for its Complaint against SKC Kolon PI, Inc. ("SKPI") and SKC, Inc. ("SKC") (collectively "Defendants") states as follows:

## PARTIES

1.　　Kaneka is a Japanese corporation with its principal place of business at 3-2-4, Nakanoshima, Kita-ku, Osaka 530-8288, Japan.

2.　　SKPI is a Korean corporation with its principal place of business at 9th Fl. Daego Building, 1591-10, Gwangyang-dong, Dongan-gu, Anyang-si, Gyeonggi-do, 431-060 - South Korea.

3.　　Upon information and belief, SKC is a corporation organized under the laws of the state of Georgia with its principal place of business at 1 SKC Dr., Covington, GA 30014. Service of process on SKC may be made by serving the Texas Secretary of State pursuant to

Texas law.  SKC may also be served with process by serving its registered agent, C T Corporation System, 1201 Peachtree Street N E, Atlanta, GA 30361.

4.	Upon information and belief, SKPI is the affiliate of SKC.

## JURISDICTION AND VENUE

5.	This Complaint states claims arising under the patent laws of the United States, 35 U.S.C. § 271, for infringement of Kaneka's patents.

6.	Original and exclusive subject matter jurisdiction of this action is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.	Defendants are each subject to personal jurisdiction in this Court. Upon information and belief, Defendants routinely advertise, market, export, and sell significant portions of their products through and in the State of Texas, including this Judicial District.

8.	Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Upon information and belief, each of the Defendants sell and offer for sale its products to retailers, distributors, and residents throughout the States of Texas and in this Judicial District.

## DEFENDANTS' INFRINGING ACTS

9.	Kaneka is the current assignee of United States Patent Nos. 7,018,704 ("the '704 Patent"), 7,691,961 ("the '961 Patent"), 5,075,064 ("the '064 Patent"), 6,264,866 ("the '866 Patent"), and 6,746,639 ("the '639 Patent") (collectively, the "Asserted Patents").

10.	Kaneka has been assigned the rights to the Asserted Patents. Accordingly, Kaneka holds all rights, title and interest in the Asserted Patents and has done so throughout the period of the defendant's infringing acts.

11.	The '704 Patent is valid and enforceable.

12.	The '960 Patent is valid and enforceable.

13. The '064 Patent is valid and enforceable.

14. The '866 Patent is valid and enforceable.

15. The '639 Patent is valid and enforceable.

16. The Asserted Patents include claims covering polyimide films and methods/processes for producing polyimide films.

17. Defendants make, use, sell, offer for sale and/or import polyimide films in the United States.

18. For example, prior to February 2010, certain companies within the U.S. who are customers of Kaneka Texas Corporation ("KTC") purchased polyimide films directly from SKC in the United States. These products were subsequently provided to Kaneka through KTC.

19. KTC is a wholly owned subsidiary of Kaneka. KTC manufactures polyimide films at its plant located at 6161 Underwood Road, Pasadena, TX, 77507. KTC's marketing offices are located at 2 Northpoint Dr., Suite 200, Houston, TX 77060.

20. In addition to the samples provided to KTC from its customers, Kaneka has obtained other samples of Defendants' polyimide films that are made, used, sold, offered for sale and/or imported in the United States.

21. Kaneka has performed laboratory tests on Defendants' polyimide films that are made, used, sold, offered for sale and/or imported in the United States.

22. Laboratory tests on Defendants' polyimide films have been performed at Kaneka's facilities in Japan.

23. These tested polyimide products, include, but are not limited to, product types identified by Defendants as IN, IF, LV and LN polyimide films.

24.     Kaneka's testing of Defendants' products confirm that Defendants' products fall within the scope of the claimed inventions embodied in the Asserted Patents.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 7,018,704

25.     Kaneka realleges and hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

26.     On March 28, 2006, the '704 Patent issued for an invention entitled "Polymide Film for Flexible Printed Board and Flexible Printed Board Using the Same."  A true and correct copy of the '704 Patent is attached hereto as Exhibit A.

27.     Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '704 Patent by making, using, selling, offering to sell, and/or by importing into the United States products that practice one or more claims of the '704 Patent, including but not limited to Defendants' IN, IF, LV and LN polyimide films.

28.     Defendants' infringement of the '704 Patent is without the consent of, authority of, or license from Kaneka.

29.     On information and belief, Defendants' infringement of the '704 Patent has been and continues to be deliberate and willful and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this Court.

30.     As a consequence of Defendants' infringement complained of herein, Kaneka has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 7,691,961

31.     Kaneka realleges and hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

32. On April 6, 2010, the '961 Patent issued for an invention entitled "Polymide Film and Use Thereof." A true and correct copy of the '961 Patent is attached hereto as <u>Exhibit B</u>.

33. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '961 Patent by making, using, selling, offering to sell, and/or by importing into the United States products that practice one or more claims of the '961 Patent, including but not limited to Defendants' IN, IF, LV and LN polyimide films.

34. Defendants' infringement of the '961 Patent is without the consent of, authority of, or license from Kaneka.

35. On information and belief, Defendants' infringement of the '961 Patent has been and continues to be deliberate and willful and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this Court.

36. As a consequence of Defendants' infringement complained of herein, Kaneka has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 5,075,064

37. Kaneka realleges and hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

38. On December 24, 1991, the '064 Patent issued for an invention entitled "Method and Apparatus for Continuously Producing Resin Films and Installation Therefor." A true and correct copy of the '064 Patent is attached hereto as <u>Exhibit C</u>.

39. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '064 Patent by making, using, selling, offering to sell, and/or by

importing into the United States products that practice one or more claims of the '064 Patent, including but not limited to Defendants' IN, IF, LV and LN polyimide films.

40. Defendants' infringement of the '064 Patent is without the consent of, authority of, or license from Kaneka.

41. As a consequence of Defendants' infringement complained of herein, Kaneka has been damaged by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 6,264,866

42. Kaneka realleges and hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

43. On July 24, 2001, the '866 Patent issued for an invention entitled "Method for Producing Polyimide Film."  A true and correct copy of the '866 Patent is attached hereto as Exhibit D.

44. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '866 Patent by making, using, selling, offering to sell, and/or by importing into the United States products that practice one or more claims of the '866 Patent, including but not limited to Defendants' IN, IF, LV and LN polyimide films.

45. Defendants' infringement of the '866 Patent is without the consent of, authority of, or license from Kaneka.

46. On information and belief, Defendants' infringement of the '866 Patent has been and continues to be deliberate and willful and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this Court.

47. As a consequence of Defendants' infringement complained of herein, Kaneka has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

## COUNT V - INFRINGEMENT OF U.S. PATENT NO. 6,746,639

48. Kaneka realleges and hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

49. On June 8, 2004, the '639 Patent issued for an invention entitled "Process for Preparing Polyimide Film."  A true and correct copy of the '639 Patent is attached hereto as Exhibit E.

50. Defendants have directly infringed, contributorily infringed, and/or actively induced infringement of the '639 Patent by making, using, selling, offering to sell, and/or by importing into the United States products that practice one or more claims of the '639 Patent, including but not limited to Defendants' IN, IF, LV and LN polyimide films.

51. Defendants' infringement of the '639 Patent is without the consent of, authority of, or license from Kaneka.

52. On information and belief, Defendants' infringement of the '639 Patent has been and continues to be deliberate and willful and such infringement will continue unless Defendants are preliminarily and permanently enjoined by this Court.

53. As a consequence of Defendants' infringement complained of herein, Kaneka has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kaneka demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Kaneka prays for judgment from this Court as follows:

1. Declare that the Asserted Patents are valid and enforceable;

2. Declare that the Defendants have infringed the Asserted Patents;

3. Declare that Defendants' infringement was willful;

4. Award damages to Plaintiff Kaneka to which it is entitled for patent infringement;

5. Award damages to Plaintiff Kaneka to which it is entitled for its lost profits;

6. Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the Asserted Patents;

7. Enter a preliminary and thereafter a permanent injunction against Defendants' active inducement of infringement and/or contributory infringements of the Asserted Patents by others;

8. Award Plaintiff Kaneka its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

9. Award Plaintiff Kaneka increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Defendants' willful infringement pursuant to 35 U.S.C. § 284;

10. Award interest on Plaintiff Kaneka's damages; and

11. Such other and further relief as this Court deems equitable and just.

Respectfully submitted this 26th day of July, 2010

        SHORE CHAN BRAGALONE DEPUMPO LLP

By:   */s/ Alfonso Garcia Chan*
       Alfonso Garcia Chan, Lead Attorney
       Texas State Bar No. 24012408
       Christopher L. Evans
       Texas State Bar No. 24058901
       901 Main Street, Suite 3300
       Dallas, Texas 75202
       Telephone 214-593-9110
       Fax 214-593-9111
       achan@shorechan.com
       cevans@shorechan.com

       -and-

       ADLI LAW GROUP, P.C.

       Dariush G. Adli
       California State Bar No. 204959
       Rex Hwang
       California State Bar No. 221079
       Louise Lu
       California State Bar No. 253114
       ADLI LAW GROUP P.C.
       633 West Fifth Street, Suite 2600
       Los Angeles, California 90071
       Tele: (213) 223-2365
       Fax: (213) 223-2368
       adli@adlilaw.com
       rex.hwang@adlilaw.com
       louise.lu@adlilaw.com

       Attorneys for Plaintiff
       Kaneka Corporation