BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM, State Bar No. 198874
  dwillingham@bsfllp.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

FINNEGAN HENDERSON FARABOW
 GARRETT & DUNNER LLP
RICHARD L. STROUP (*Admitted Pro Hac Vice*)
  richard.stroup@finnegan.com
PARMANAND K. SHARMA (*Admitted Pro Hac Vice*)
  anand.sharma@finnegan.com
901 New York Avenue NW
Washington, DC 20001-400
Telephone: (202) 408-4446
Facsimile: (202) 408-4400
CHARLES H. SUH (*Admitted Pro Hac Vice)*
  charles.suh@finnegan.com
11955 Freedom Drive, Suite 800
Reston, VA 20190
Telephone: (571) 203-2477
Facsimile: (202) 408-4400

Attorneys for DEFENDANTS and
COUNTERCLAIMANTS SKC KOLON
PI, INC. and SKC, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| KANEKA CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SKC KOLON PI, INC.; and SKC, INC.,<br><br>    Defendants. | Case No. 2:11-CV-03397-JGB-RZ<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' MEM, OF POINTS AND AUTHORITIES IN SUPPORT OF MOT. TO STAY EXECUTION OF JUDGMENT PENDING DISPOSITION OF POST-** |

| | |
|---|---|
| SKC KOLON PI, INC.; and SKC, INC., <br><br> Counterclaimants, <br><br> v. <br><br> KANEKA CORPORATION, <br><br> Counterdefendant. | **TRIAL MOTIONS UNDER RULE 62(B)** <br><br> **[Notice of Motion; Declaration of Richard L. Stroup and Accompanying Exhibit; Declaration of Jangsuk Oh and Accompanying Exhibit; and [Proposed] Order, filed concurrently herewith]** <br><br> Judge: Hon. Jesus G. Bernal <br> Place: Courtroom 1 <br> 3470 Twelfth Street <br> Riverside, CA 92501 <br> Date: July 10, 2017 <br> Time: 9:00 am <br><br> Trial: November 3, 2015 <br> Judgment: May 25, 2017 |

BOIES SCHILLER FLEXNER LLP

Defendants and Counterclaimants SKC Kolon PI, Inc. and SKC, Inc. (collectively, "SKPI") submit this memorandum in support of their motion under Rule 62(b) of the Federal Rules of Civil Procedure to stay execution of the judgment, until the Court resolves the post-trial motions and related proceedings, enters a final judgment, and the time to file a notice for an appeal has expired.

Before filing this motion, the parties conducted a meet and confer, initiated by SKPI. Declaration of Richard L. Stroup ("Stroup Decl.") at ¶¶ 2-4. SKPI proposed that Kaneka stipulate or agree to not oppose the stay SKPI seeks through this motion. *Id*. at ¶ 4; Stroup Decl. at Ex. 1. SKPI also proposed that Kaneka, in the alternative, agree to not attempt to enforce the judgment, until post-trial motions were resolved and a final judgment entered. Stroup Decl. at ¶ 4. Kaneka declined. *Id*. On the other hand, Kaneka confirmed that it does not oppose staying the execution of the judgment outright, but instead opposes a stay without the "appropriate terms for the opposing party's security," pursuant to Rule 62(b). *Id*. Thus, the disputed issue before the Court is whether at this stage it should require that SKPI post a bond as part of the stay. Given the circumstances of this case, SKPI submits that such a bond is unnecessary, particularly at this stage of the case, and would be a waste of money and more punitive than protective in nature.

SKPI respectfully submits that an order staying execution of the judgment will avoid any premature further litigation between the parties regarding any effort by Kaneka to enforce payment of the damages award the jury found on November 19, 2015, at least until this Court enters a final judgment and preferably for an additional 30 days to permit time to file a notice for an appeal and seek any further relief, pending such an appeal. At that point, the respective parties will have the benefit of the Court's rulings, with each then deciding whether to appeal, as well as what issues to appeal. This Court and the parties can then determine whether any stay of execution of any judgment may be appropriate.

SKPI respectfully submits that staying execution of the judgment will preserve the status quo between the parties since the jury's verdict, and will not prejudice either party. Given the totality of the circumstances, including the financial ability of SKPI to pay, should it be found liable to Kaneka once post-trial motions are filed and decided, SKPI submits that no bond should be required for entry of the stay it seeks through this motion. In the alternative, if the Court in its discretion concludes that SKPI should be required to post security as part of the requested stay, SKPI respectfully requests that the Court enter an order setting forth the amount for any such security, along with an appropriate period, for instance two weeks, for SKPI to obtain and post a bond.

Judgment was entered on May 25, 2017, with the Court and the parties knowing that this judgment is not a final judgment from which appeal can be taken, but is instead a judgment on the jury verdict that triggers the deadlines to file additional post-trial motions. SKPI will file post-trial motions for JMOL and/or new trial on select liability issues, as well as the lost profit damages award entered in the verdict. Kaneka may file other post-trial motions. In addition, the Court has already stayed some outstanding issues until post-trial motions are resolved. However, under Rule 62 which applies on its face to both initial and final judgments, the automatic stay for enforcement of that judgment under Rule 62(a) will expire on June 8, 2017. Fed R. Civ. P. 62(a); Dkt. No. 740. Because the parties could not reach an agreement, SKPI files this motion to protect its rights to pursue its defenses and claims and not be faced with any premature action or litigation to enforce the non-final judgment, during the review processes the law provides.

## I. APPLICABLE LAW

Rule 62(b) of the Federal Rules of Civil Procedure provides that, "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it" pending disposition of post-trial motions filed under Rules 50, 52(b), 59, or 60. Fed. R. Civ. P. 62(b). Courts have

broad discretion to stay execution of a judgment without requiring a bond. *Mendez v. Baca*, No. 11-04771-MWF (PJWx), 2013 WL 12162127, at *1 (C.D. Ca. Sep. 16, 2013); *Quinones v. Chase Bank USA, N.A.*, No. 09cv2748-AJB (BGS), 2012 WL 1530155 (S.C. Ca. May 1, 2012). For example, in the context of a bond pending appeal, this Court explained that the following factors may be considered when determining whether to waive bond:

(1) the complexity of the collection process;

(2) the amount of time required to obtain a judgment after it is affirmed on appeal;

(3) the degree of confidence that the district court has in the availability of funds to pay the judgment;

(4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and

(5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Mendez*, 2013 WL 12162127, at *2.

In the *Mendez* case, this Court granted a stay without requiring a bond after concluding that the defendant would have the ability to pay the judgment when the stay was lifted. Similarly, the court in *Quinones* granted a stay without bond, explaining that bond can be waived "(1) where defendant's ability to pay is so plain that the cost of the bond would be a waste of money; and (2) where the requirement would put the defendant's other creditors in undue jeopardy." *Quinones*, 2012 WL 1530155, at *2.

## II. ARGUMENT

When no dispute exists as to a defendant's ability to pay the judgment, this Court has found that requiring bond under Rule 62(b) would be a waste of money and has waived such a requirement. *Mendez*, 2013 WL 12162127. That is precisely

-3-

the case here. SKPI is a publically traded company. Declaration of Jangsuk Oh ("Oh Decl.") at ¶ 5. It's reported assets for the first quarter of 2017 exceed 319 million Korean Won, which at the current exchange rate, amounts to over 285 million US dollars. *Id.*; Oh Decl. at Ex. A. Thus, there can be no dispute that SKPI has, and will continue to have the funds and ability to pay a judgment, when the issues are fully and finally resolved through the entry of any final judgment and the resolution of any appeal.

Further, any policy considerations for requiring a bond when staying the execution of a judgment are not present here. Specifically, courts have explained that "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *Mendez*, 2013 WL 12162127, at *1. As to the first issue, Kaneka faces no such risk because SKPI has the funds available to pay judgment. *See generally* Oh Decl. at ¶¶ 4-5. As to the second issue, a final judgment has not been entered in this case and it is yet uncertain what, if any, monetary award will be included in the final judgment of this Court. It is further unclear what monetary award might remain, on appeal. Moreover, to the extent that SKPI is adjudged liable, post-judgment interest will accrue, thereby appropriately compensating Kaneka for any delay until entry and execution of any final judgment. Thus, the considerations for requiring a bond pending a stay of execution of a judgment do not justify imposing a bond, particularly for the limited and specific stay SKPI now seeks by this motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

For the foregoing reasons, SKPI seeks the entry of the stay of execution of the judgment as set forth in this motion.

Subject to the Court's preference, SKPI submits that this motion can be decided without a hearing, and submits that the Court can cancel the noticed hearing and decide this motion on the papers.

DATED: June 8, 2017

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM

By: */s/ David K. Willingham*

FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
RICHARD L. STROUP
CHARLES H. SUH
PARMANAND K. SHARMA

Attorneys for DEFENDANTS and COUNTERCLAIMANTS SKC KOLON PI, INC. and SKC, INC.