Anthony J. Dain (Bar No. 98947)
    email:  anthony.dain@procopio.com
Frederick K. Taylor (Bar No. 159838)
    email:  fred.taylor@procopio.com
Dave Deonarine (Bar No. 243733)
    email:  dave.deonarine@procopio.com
J. Christopher Jaczko (Bar No. 149317)
    email:  chris.jaczko@procopio.com
Raymond K. Chan (Bar No. 220534)
    email:  raymond.chan@procopio.com

PROCOPIO, CORY, HARGREAVES
    & SAVITCH LLP
12544 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone:  858.720.6300
Facsimile:        619.235.0398

Attorneys for Kaneka Corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| KANEKA CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>SKC KOLON PI, INC., and SKC, INC.,<br><br>                    Defendants. | Case No. 2:11-CV-03397-JGB-RZ<br><br>**KANEKA'S OPPOSITION TO DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO STAY ENTRY OF JUDGMENT PENDING DISPOSITION OF POSTTRIAL MOTIONS UNDER RULE 62(B)**<br><br>Date:      July 10, 2017<br>Time:      9:00 a.m.<br>Dept:      Courtroom 1<br>            3470 Twelfth Street<br>            Riverside, CA  92501<br>Judge:    Judge Jesus G. Bernal |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................1

II.     BACKGROUND ................................................................................2

III.    ANALYSIS ........................................................................................2

        A.      SKPI Cannot Be Granted a Stay Without a Bond Because its
        Unsubstantiated Claim of Assets Does Not Provide Adequate Security to
        Kaneka that It Could Enforce Its Judgment in the United States.....................2

        B.      SKPI's Motion Fails to Satisfy Any Factor for a Stay Under Rule
        62(b) on the Merits. ............................................................................3

                1.      SKPI Failed to Demonstrate Any Likelihood of Success in Its
                Anticipated Motions....................................................................4

                2.      SKPI Will Not Be Irreparably Harmed By Having to Post a
                Bond Pending the Outcome of the Post-trial Motions...........................4

                3.      A Stay Without a Bond Would Injure Kaneka and Does Not
                Serve the Public in Any Manner. ..............................................5

                4.      SKPI's Unsubstantiated Claim of Assets in a Foreign Country
                Does not Provide Adequate Security for Kaneka to Collect Its
                Judgment in the United States....................................................6

IV.     CONCLUSION ................................................................................8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*AIA Eng'g Ltd. v. Magotteaux Int'l S/A*
   2012 WL 3745625 (M.D. Tenn. Aug. 28, 2012)...................................................7

*American Family Mut. Ins. Co. v. Miell*
   2008 WL 746604 (N.D. Iowa Mar. 19, 2008)..................................................7, 8

*ePLUS, Inc. v. Lawson Software, Inc.*
   2011 WL 2119413 (E.D. Va. May 24, 2011).........................................................3

*Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*
   1992 WL 114953 (E.D. Pa. 1992)..........................................................................6

*Honeywell*, 397 F. Supp. 2d at 547-48 ........................................................................3

*In re Apollo Group, Inc. Secs. Litig.*
   2008 WL 410625 (D. Ariz. 2008) ......................................................................3, 7

*Int'l Wood Processors v. Power Dry, Inc.*
   102 F.R.D. 212 (D.S.C. 1984)...............................................................................7

*Kaneka Corporation v. SKC Kolon PI, Inc.*
   198 F.Supp.3d 1089 (C.D. Cal. 2016)....................................................................4

*Peacock v. Thomas*
   516 U.S. 349 (1996) ..........................................................................................3, 6

*SEC v. Black*
   2012 WL 5429908 (N.D. Ill. Nov. 6, 2012)..........................................................6

*SEC v. Retail Pro, Inc.*
   2011 WL 3515910, *2, 4 (S.D. Cal. Aug. 11, 2011).............................................3

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*
   897 F.2d 511 (Fed. Cir. 1990) ........................................................................3, 4, 5

*Ulloa v. Colvin*
   2015 WL 9455557 (C.D. Cal. 2015) ......................................................................4

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Federal Rule of Civil Procedure

Rule 50 ................................................................................................................ 2
Rule 52(b) ........................................................................................................... 2
Rule 59 ................................................................................................................ 2
Rule 60 ................................................................................................................ 2
Rule 62(b) ................................................................................................... *passim*
Rule 62(c) ........................................................................................................... 3

DOCS 120035-000002/2950814.1

1  **I.      <u>INTRODUCTION</u>**

2      SKPI's motion to stay enforcement of the judgment without a bond must be

3  denied because SKPI failed to show how its unsubstantiated, and presumably

4  foreign-based, assets provide Kaneka any security of payment the nearly $13.5

5  million judgment.   Under Federal Rule of Procedure 62(b) SKPI is required to

6  provide such security to obtain a stay of enforcement while the court considers

7  certain post-trial motions.   While Kaneka is not opposed to a stay of enforcement

8  generally, it is strongly opposed to a stay without proper security as required under

9  Rule 62(b).

10      The federal courts, including this District, have been guided by a four-factor

11  test to evaluate whether a stay without a bond is appropriate.   Generally, the courts

12  will look at: (1) whether the stay applicant has made a strong showing of likelihood

13  to succeed on the merits; (2) whether the applicant will be irreparably injured absent

14  a stay; (3) whether issuance of the stay will substantially injure the other parties

15  interested in the proceeding; and (4) where the public interest lies.   Here, SKPI only

16  asserts that it is an unnecessary waste of money to require it to bond because it has

17  assets in some unknown form, and in some unknown location.   SKPI never asserts

18  that paying for a bond would result in irreparable injury to itself, never asserts that it

19  can show a strong likelihood of success on the merits and never asserts that it would

20  be in the public interest to allow it not to post a bond.   Most importantly, SKPI fails

21  to demonstrate to this Court that Kaneka would be just as secure without a bond as it

22  would be with a bond.   Kaneka is entitled to maintain the status quo of its judgment

23  by obtaining real security of payment by SKPI.   SKPI's flimsy and unsubstantiated

24  consolidated statements do not provide any proof that there are assets that Kaneka

25  could readily attach, especially here in the United States, to satisfy this substantial

26  judgment.   Accordingly, SKPI's motion must be denied.

27

28

2:11-CV-03397

## II.   <u>BACKGROUND</u>

On May 25, 2017, this Court entered a final judgment of $13,488,65.10 against SKPI.  The automatic 14-day stay of execution on the judgment expired on June 8, 2017.  SKPI now moves the Court to stay enforcement of the judgment without any bond or security while it files more post-trial motions.

SKPI has already filed a motion for judgment as a matter of law and for a new trial on induced infringement on December 17, 2015.  (Dkt. No. 692)  On November 30, 2015, SKPI filed a post-trial brief regarding court resolution of implied license and laches.  (Dkt. No. 654)  On August 2, 2016, this Court issued an order denying the motions for judgment as a matter of law and new trial, and finding that the implied license and laches defenses were not a bar to Kaneka's claims.  (Dkt. No. 730)

## III.   <u>ANALYSIS</u>

### A.   <u>SKPI Cannot Be Granted a Stay Without a Bond Because its Unsubstantiated Claim of Assets Does Not Provide Adequate Security to Kaneka that It Could Enforce Its Judgment in the United States.</u>

SKPI's request for a stay without posting bond fails to satisfy the requirements of Federal Rule of Civil Procedure 62(b) and, accordingly, should be denied. Rule 62(b) reads in relevant part: *On appropriate terms for the opposing party's security*, the court may stay the execution of a judgment -- or any proceedings to enforce it -- pending disposition of any of the following motions:

(1) under Rule 50, for judgment as a matter of law;

(2) under Rule 52(b), to amend the findings or for additional findings;

(3) under Rule 59, for a new trial or to alter or amend a judgment; or

(4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b) (emphasis added).

The United States Supreme Court has made clear that "[t]he district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor" *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). The Supreme Court further explained that, "[i]n the event a stay is entered pending appeal, *the Rules require the district court to ensure that the judgment creditor's position is secured:*" *Id*. at 359 (emphasis added).  To fulfill the requirement of Rule 62(b) that a stay may issue only upon "appropriate terms for the opposing party's security," SKPI, a foreign corporation with no assets in the United States, thus must post bond as security for the judgment. *See* Fed. R. Civ. P. 62(b); *see also In re Apollo Group, Inc. Secs. Litig.*, 2008 WL 410625, at *1 (D. Ariz. 2008) (a stay pending disposition of certain post-trial motions must be granted on appropriate terms for security, and unsecured stays are disfavored under the Rule).

## B. SKPI's Motion Fails to Satisfy Any Factor for a Stay Under Rule 62(b) on the Merits.

SKPI's motion does not come close to making the necessary showing for stay of a judgment under Rule 62(b).  In considering a stay under Rule 62(b), courts typically consider four factors: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (listing four factors considered by courts in assessing motions to stay judgments); *ePLUS, Inc. v. Lawson Software, Inc.*, 2011 WL 2119413, at *2 (E.D. Va. May 24, 2011) (explaining *Standard Havens* factors apply to stays under Rule 62(b) and (c)); *Honeywell*, 397 F. Supp. 2d at 547-48; *SEC v. Retail Pro, Inc.*, 2011 WL 3515910, *2, 4 (S.D. Cal. Aug. 11, 2011) (applying Rule 62(b) four-factor test and denying stay). SKPI has not and cannot show that the four

factors warrant staying enforcement of any judgment in this case.  Further, SKPI cannot now attempt to raise new facts or argument regarding these four factors in its reply brief.  *Ulloa v. Colvin*, 2015 WL 9455557, at \*6 n.9 (C.D. Cal. 2015).

### 1. SKPI Failed to Demonstrate Any Likelihood of Success in Its Anticipated Motions.

SKPI has not made any showing that they are likely to succeed on the merits of its post-trial motions, let alone the "strong showing" that is typically required. *Standard Havens*, 897 F.2d at 512.  In fact, SKPI does not provide the Court with any information on what issues it intends to raise or the likelihood of succeeding on those issues.  Therefore, SKPI fails in this initial factor.

However, SKPI has already filed post-trial motions for judgment as a matter of law, or in the alternative, for a new trial on December 17, 2015.  (Dkt. No. 692)  In a published opinion, this Court rejected each of SKPI's arguments for its entitlement to a judgment as a matter of law or new trial.  *Kaneka Corporation v. SKC Kolon PI, Inc.*, 198 F.Supp.3d 1089 (C.D. Cal. 2016).  In the same opinion, this Court rejected SKPI's arguments regarding implied license and laches.  *Id.*  While SKPI will presumably raise new issues, it was not successful in its immediate efforts after the trial.  In any case, it was SKPI's burden to show that it had a likelihood of success and it provided the Court with nothing.

Accordingly, this factor strongly weighs in favor of denying SKPI's motion.

### 2. SKPI Will Not Be Irreparably Harmed By Having to Post a Bond Pending the Outcome of the Post-trial Motions.

In circumstances such as this case, "[w]here likelihood of success 'is less forceful . . . a movant would have to make a **stronger showing** of irreparable harm in order to tip the balance of equity in his favor.'" *Standard Havens*, 897 F.2d at 513 (emphasis added). Here, SKPI has not made any showing of irreparable harm, and certainly not a strong one.  In fact, SKPI's entire "showing" consists of the assertion

1  that it would be a waste of money to require it to post a bond because it purportedly
2  has some assets that it could use to satisfy a judgment.

3       However, SKPI has not even asserted that it would be irreparably harmed by
4  paying for a bond.  Indeed, SKPI can easily afford a payment for a bond considering
5  that it has substantial cash and equivalents, according to its unsubstantiated
6  consolidated statements.  (Dkt. No. 743-5, at 8)[1]  Even if SKPI's declaration and
7  exhibit are sufficient to show some small financial hardship (which it has actually
8  not asserted) in instances where a party is "likely" to suffer grave consequences such
9  as layoffs or insolvency, the determination of whether to stay execution of a
10  judgment is a close question that revolves around the combination of likelihood of
11  success on the merits and potential irreparable harm to the movant. *See Standard*
12  *Havens*, 897 F.2d at 515-16. For the reasons discussed above, SKPI has not made
13  any showing, let alone a "strong showing," of likelihood of success or a "strong
14  showing" or irreparable harm. Consequently, SKPI has not met its burden.

15       This factor therefore strongly favors denial of SKPI's motion.

16  ### 3.   A Stay Without a Bond Would Injure Kaneka and Does Not
17  ### Serve the Public in Any Manner.

18       SKPI did not address the remaining equitable factors, including harm to
19  Kaneka from a stay without a bond and the public interest.

20       First, Kaneka would certainly be harmed if there is a stay of enforcement with
21  no bond.  It is a real concern that it would be difficult for Kaneka to collect a
22  judgment against a foreign entity with no known assets in the United States.   Far

---

23  [1] Kaneka relies upon Exhibit A to Mr. Oh's Declaration for this argument to the
24  extent that it shows that SKPI is easily capable of paying for a bond.  However, that
25  exhibit fails miserably in showing that SKPI has assets that are available for Kaneka
   to execute upon.  Again, there is no indication of what the assets are, where they are
26  located, and whether Kaneka, as a judgment creditor, could have priority over the
27  other creditors of SKPI.   Indeed, as shown, SKPI has considerably less cash
   (55,454M KRW) than it has total liabilities (96,034M KRW) in the first quarter of
28  2017. (Dkt. No 743-5, at 8)

from supporting a stay, this fact favors allowing Kaneka to immediately begin the collection process if there is no security--staying the process would only further increase the risk to Kaneka of not collecting on the judgment. The "[p]ossible inability to satisfy a judgment is good reason to deny a stay or require a bond." *SEC v. Black*, 2012 WL 5429908, at *2 (N.D. Ill. Nov. 6, 2012) (applying Rule 62(b) four-factor "standard" and denying stay) (citations omitted). The fact that SKPI is a foreign corporation with no known assets in the United States is also a factor militating toward harm against Kaneka. See, *Grand Ent. Group, Ltd. v. Star Media Sales, Inc*., 1992 WL 114953, at *2–3 (E.D. Pa. 1992) (Where waiver of a supersedeas bond may be particularly inappropriate defendant does not appear to have assets in this country that could be used to satisfy the judgment against it.)

Moreover, the public interest weighs against granting a stay. The Supreme Court has made clear that the paramount public interest is the security of the judgment creditor, not the defendant seeking a stay: "[t]he district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). For the reasons discussed above, it would be in Kaneka's interest not to stay the execution of the money judgment because SKPI has not identified any assets that Kaneka could collect upon in the United States. SKPI's vague assertion that it has "assets" without specifying how Kaneka would be protected by those assets raises concerns about the ability of Kaneka to collect. SKPI has not articulated a single reason why the public interest would favor granting a stay.

Accordingly, both of these factors favor denial of SKPI's motion.

**4.**     **<u>SKPI's Unsubstantiated Claim of Assets in a Foreign Country Does not Provide Adequate Security for Kaneka to Collect Its Judgment in the United States.</u>**

SKPI's motion ultimately fails because it provides little in regards to "adequate terms for [Kaneka's] security." Fed. R. Civ. 62(b). "The purpose of security under Rule 62(b) is to preserve the status quo pending disposition of post-trial motions." *In re Apollo Grp. Inc. Securities Litig.*, 2008 WL 410625, at *2 (citations removed). Accordingly, "courts typically require security in the full amount of the judgment." *Id.*; see also, e.g., *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, 2012 WL 3745625, at *2 (M.D. Tenn. Aug. 28, 2012) (granting stay of execution of judgment under Rule 62(b) on condition of posting bond in amount of judgment, proposed value of prejudgment interest, attorneys' fees, and costs); *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 215-16 (D.S.C. 1984) (requiring bond in amount of full judgment plus interest as condition to granting stay under Rule 62(b)).

Instead of proposing to post a bond in the amount of the $13.4 million judgment, SKPI offers that it has sufficient assets, of unspecified type and location, to provide security to Kaneka. (Dkt. No. 743-4 at 3, 743-5 at 8) SKPI does not explain how Kaneka would be able to execute on these foreign assets. *Id*. In fact, SKPI does not even explain what its purported assets are. *Id*. Lastly, SKPI does nothing to inform this Court of the collectability of these purported assets and how Kaneka's interests would be protected.

SKPI has not met its burden of showing why the Court should depart from the presumption in favor of a bond covering the full judgment. For example, before replacing a bond with a vague statement of foreign assets, under Rule 62(b), SKPI is required to show that (1) "posting a full bond is impossible or impractical," *American Family Mut. Ins. Co. v. Miell*, 2008 WL 746604, at *2 (N.D. Iowa Mar. 19, 2008). SKPI not only failed to make a showing under either of these factors--it did not even address them.

SKPI fails to objectively demonstrate that posting a full bond is impossible or impractical. SKPI's declaration from Mr. Jangsuk Oh does not mention any attempt to obtain a bond, line of credit, or other form of security. (Dkt. No. 743-4) The

declaration does not identify any assets that SKPI has in the United States which Kaneka could attach to protect its judgment.  *Id*.  In fact, at trial, SKPI extensively argued that it did even have knowledge of whether its films entered the United States through mobile phones.

Accordingly, SKPI has failed to show that Kaneka would be adequately protected with any reasonable security.  This factor likewise weighs heavily against SKPI.

## IV.  **CONCLUSION**

Based on the foregoing, Kaneka respectfully requests that the Court deny SKPI's motion to stay enforcement of the judgment without posting a bond as security for Kaneka.

DATED: June 19, 2017                     PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:  /s/ Frederick K. Taylor
     Anthony J. Dain
     Frederick K. Taylor
     Dave Deonarine
     J. Christopher Jaczko
     Raymond K. Chan

     Attorneys for
     Kaneka Corporation

DOCS 120035-000002/2950814.1                                      2:11-CV-03397