BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM, State Bar No. 198874
 dwillingham@bsfllp.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

FINNEGAN HENDERSON FARABOW
 GARRETT & DUNNER LLP
RICHARD L. STROUP (*Admitted Pro Hac Vice*)
 richard.stroup@finnegan.com
PARMANAND K. SHARMA (*Admitted Pro Hac Vice*)
 anand.sharma@finnegan.com
901 New York Avenue NW
Washington, DC 20001-400
Telephone: (202) 408-4446
Facsimile: (202) 408-4400
CHARLES H. SUH (*Admitted Pro Hac Vice*)
 charles.suh@finnegan.com
11955 Freedom Drive, Suite 800
Reston, VA 20190
Telephone: (571) 203-2477
Facsimile: (202) 408-4400

Attorneys for DEFENDANTS and COUNTERCLAIMANTS SKC KOLON PI, INC. and SKC, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KANEKA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKC KOLON PI, INC.; and SKC, INC.,<br><br>　　　　Defendants. | Case No. 2:11-CV-03397-JGB-RZ<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOT. TO STAY EXECUTION OF JUDGMENT PENDING DISPOSITION OF POST-TRIAL** |

| | |
|---|---|
| SKC KOLON PI, INC.; and SKC, INC., <br><br> Counterclaimants, <br><br> v. <br><br> KANEKA CORPORATION, <br><br> Counterdefendant. | **MOTIONS UNDER RULE 62(B)** <br><br> Judge: Hon. Jesus G. Bernal <br> Place: Courtroom 1 <br> 3470 Twelfth Street <br> Riverside, CA 92501 <br><br> Date: July 10, 2017 <br> Time: 9:00 am <br><br> Trial: November 3, 2015 <br> Judgment: May 25, 2017 |

MOTIONS UNDER RULE 62(B)

Regardless of how many arguments or cases the parties cite, the issue presented here reduces simply to whether this Court, in the exercise of its discretion, should require that SKPI post a bond during the stay of execution of the monetary judgment, while the Court decides the post-trial motions that SKPI filed on June 22, 2017. Kaneka does not oppose the stay SKPI seeks; it just wants SKPI to spend money to post a bond immediately. The issue thus is not whether a stay should be granted, but whether a bond should be imposed during that stay and how much that bond should be.

In its enthusiasm to impose additional costs on SKPI, Kaneka proposes that the Court apply a four-prong test that most courts apply only when determining whether to stay execution of a judgment pending appeal, usually including injunctive relief—as opposed to the test courts apply when the only issue is whether a bond should be included with a stay, that otherwise is uncontested. Ignoring the on-point precedent, test, and analysis SKPI identifies and addresses in its motion, Kaneka presents a different and inapplicable four-prong test and argues it should prevail, because SKPI did not address the factors under the four-prong test Kaneka presents. But SKPI did not address those factors because they do not apply to the issue presented by its motion; and Kaneka declined to address, let along rebut, SKPI's proofs under the proper test.

This case is part of a war for worldwide market share, where the ability to pay has never been the issue. Kaneka cannot dispute that both parties are large, worldwide competitors with assets necessary to pursue their rights in court and, at the end, pay a finally adjudicated judgment, whenever all appeals are completed. Kaneka does not respond to the proofs of SKPI's ability to pay, because it cannot. Given the controlling law and the unrebutted proofs, SKPI has shown that the Court under Rule 62(b) can and should grant a stay without bond, pending disposition of post-trial motions. That is all that SKPI seeks in its motion before the Court.

-1-

1 However, should the Court in its discretion conclude that some bond should be
2 posted, SKPI asks that the Court determine the amount of bond and give SKPI a
3 reasonable time to obtain and enter the bond as part of the uncontested stay.

**I.  Because Kaneka does not oppose a stay of execution of the judgment, the only issue before the Court is whether to impose a bond during the stay**

The very first paragraph of Kaneka's opposition solidifies that the only issue before the Court is whether or not a bond should be imposed pending the stay of execution of the judgment. As Kaneka expressly stated during its meet and confer with SKPI and again reiterates in its opposition, "Kaneka is *not* opposed to a stay of enforcement generally. . . ." Dkt. No. 747 at 5 (emphasis added). Instead, Kaneka is only "strongly opposed to a stay without proper security as required under Rule 62(b)." *Id*. Despite the remainder of Kaneka's opposition seeking to apply to a four-factor test that courts consider when determining whether or not to grant a stay, here, entry of a stay is not in dispute. Moreover, the four-factor test Kaneka relies on is often applied in the context of a stay pending appeal or involving injunctive relief, neither or which is at issue here. Kaneka having failed to address the applicable standard relevant to the sole issue before the Court or meaningfully rebut SKPI's proofs, SKPI respectfully submits that its motion should be granted.

**A.  Under the applicable law, this Court in its discretion can and should grant the uncontested stay, without entry of a bond**

When addressing a motion for an unsecured stay, courts consider (1) whether a "defendant's ability to pay is so plain that the cost of the bond would be a waste of money" and (2) whether "the requirement would put the defendant's other creditors in undue jeopardy." *Quinones v. Chase Bank USA, N.A.*, No. 09cv2748-AJB (BGS), 2012 WL 1530155, *2 (S.D. Ca. May 1, 2012). SKPI addressed these factors in its opening brief and presented evidence to support its ability to pay the cost of a bond. Kaneka, on the other hand, fails to squarely address them.

Kaneka presents no proof that SKPI is unable to pay the bond, leaving SKPI's proofs unrebutted. After years of litigation without ever seeking any form of security, Kaneka, through attorney argument and nothing more, speculates that it might have some unsubstantiated difficulty collecting a judgment, if it prevails after post-trial motions and an appeal. For example, Kaneka asserts that SKPI does not show "what the assets are, where they are located, and whether Kaneka, as a judgment creditor, could have priority over the other creditors of SKPI." Dkt. No. 747 at 9. The law does not require such proofs, particularly in response to speculation. Moreover, the evidence SKPI provided in support of its motion shows that SKPI has sufficient assets to pay a bond (close to 20 times the amount of the monetary judgment award) and has the ability to pay the bond in this district. Dkt. No. 743-4 and -5. And, a relevant factor courts consider in determining whether to waive bond is whether imposing a bond "would put the defendant's ***other*** creditors in undue jeopardy." *Quinones*, 2012 WL 1530155, \*2 (emphasis added). If, as here, entry of a bond is unnecessary to preserve a potential final award to a party and is a waste of money, and in essence a punishment, courts can and do decline to require such a bond.

Kaneka also contends that SKPI's foreign status is a factor that weighs against granting SKPI's motion. Dkt. No. 747 at 10. Again, that is based on unsubstantiated speculation, with no relevant proofs regarding SKPI, which is a recognized leader in the industry, with substantial assets and international business and goodwill. The *Grand Ent. Group, Ltd. v. Star Media Sales, Inc.*, No. 86-5763, 1992 WL 114953 (E.D. Pa. 1992), case Kaneka cites for this proposition bears no relevant analogies to this case. In that case, the defendants continuously refused "to accept this court's jurisdiction over them," leaving the court to question whether they would ever meet their obligations. *Id.* at \*2. The court in *Grand Ent. Group, Ltd.* further noted that the defendants did not "appear to have assets in this country

-3-

1  that could be used to satisfy the judgment against them," further supporting the
2  court's concern. *Id.* SKPI has accepted jurisdiction in this Court here and in the
3  pending declaratory judgment action. SKPI has shown it has significant assets and
4  the ability to pay. The mere fact that SKPI, like Kaneka, is a foreign company does
5  not establish or support the conclusion that a bond should be required.

6  Under the proven facts of record, SKPI submits that the imposition of bond is
7  unnecessary and would be a waste of money and resources. *See Mendez v. Baca*,
8  No. 11-04771-MWF (PJWx), 2013 WL 12162127, at *1 (C.D. Ca. Sep. 16, 2013);
9  *Quinones*, 2012 WL 1530155. It therefore requests that the Court enter an
10 uncontested stay, without a bond.

**B.    The tests and analysis Kaneka presents in its motion are neither relevant nor supportive of the undefined bond it seeks**

13 The four-prong test and analysis Kaneka presents in its opposition leads the
14 Court away from the limited issue before it, and the law that applies. The four-prong
15 test does not guide the inquiry here regarding whether a bond should be imposed
16 during an otherwise uncontested stay and, if so, how much such a bond should be.
17 Instead, the four-prong test and the headings in Kaneka's opposition relate to
18 whether a stay should be entered at all, when the requested stay is opposed and
19 sought at stages of a case different than those before this Court. This four-prong test
20 applies when determining whether to grant stay, and most courts apply it in the
21 context of a stay pending appeal or involving injunctive relief. *See generally*, *Bolt v.*
22 *Merrimack Pharms., Inc.*, No. S-04-0893 WBS DAD, 2005 WL 2298423, *2 (E.D.
23 Cal. Sept. 20, 2005) (explaining that "[t]he Federal Rules of Civil Procedure impose
24 distinct standards for stays of judgments involving injunctions, *see* Fed.R.Civ.P.
25 62(c), and stays of other judgments, *see* Fed.R.Civ.P. 62(d)" and that the "standard
26 for evaluating a motion to stay injunctive relief pending appeal" was "irrelevant" in

-4-

the Rule 62(d) context). Neither is at issue here, and most importantly, as explained in detail above, entry of a stay is not in dispute.

The cases Kaneka cites further show that the test it asks this Court to apply is not relevant to the inquiry at issue. In *Grand Ent. Group, Ltd.,* the court "decline[d] to accept defendants' invitation to apply the four-factor test" and explained that "[w]ith a single exception, every court that has applied the four-factor test in the Rule 62 context has done so upon a motion to stay an injunction under Rule 62(c), not a motion to stay a monetary judgment under Rule 62(d)." 1992 WL 114953, at *1. Moreover, other cases Kaneka cites show that the courts normally do not apply the four-prong test when determining whether to grant a stay of execution of a judgment pending of post-trial motion. *See American Family Mut. Ins. Co. v. Miell*, No. C04-0142, 2008 WL 746604 (N.D. Iowa Mar. 19, 2008) (granting a stay of execution of a judgment pending disposition of post-trial motions); *In re Apollo Group, Inc. Secs. Litig.*, No. 04-2204-PHX-JAT, 2008 WL 410625 (D. Ariz. Feb. 13, 2008 (same); *Int'l Wood Processors v. Power Dry, Inc.*,102 F.R.D. 212 (D.S.C. 1984) (same). And Kaneka's crop-quoting from the Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349 (1996), in which the Court addressed and ruled only on the question of whether the federal courts had jurisdiction over a given action (which the Court held they did not) is of no relevance to the issues before this Court or otherwise of an assistance to this Court. Indeed, neither the lower courts nor the Supreme Court addressed or decided any disputed issues regarding stays or bonds.

Regardless of how many cases Kaneka cites from how many different jurisdictions, it cannot be disputed that this Court, under Rule 62(b), has discretion to require, or not require, a bond, for an otherwise uncontested stay, without addressing the all of the factors of the four-prong test Kaneka proposes. For example, under Kaneka's proposed likelihood of success prong alone, this Court

-5-

would have to consider and weigh all of the issues raised by SKPI's post-trial motions, before the Court could determine whether to require a bond during a stay of execution of the judgment sought to apply over the period during which the Court will consider and rule on those motions. That is not the law.

### C. If this Court imposes a bond pending the uncontested and limited stay requested, SKPI submits that a modest bond is appropriate

While SKPI respectfully submits than no bond is needed during the stay requested by its motion, SKPI acknowledges that this Court within its discretion can conclude otherwise. Should the Court determine that some bond is appropriate to secure the potential future payment of a now undetermined final judgment, this Court has discretion to decide how much the bond should be, in the circumstances before it. Indeed, case law Kaneka cites shows that a court can require a bond that is less than full amount of the judgment. *See In re Apollo Group, Inc. Secs. Litig.*, 2008 WL 410625 (staying execution and imposing a bond of 1/2 of the estimated judgment, in part, because "the Court is confident that Defendant Apollo's financial position adequately protects Lead Plaintiff's interest to the extent that security in the amount of fifty percent of Defendants' estimated potential liability only partially secures the judgment."); *see also American Family Mut. Ins. Co.*, 2008 WL 746604 (staying execution and imposing a bond of about 1/3 of the judgment in light of the defendant's financial condition and other factors). Given SKPI's assets and ongoing business success, the limited period of the stay SKPI seeks, and the speculative nature of Kaneka's opposition, SKPI submits that any required bond should be modest relative to the present judgment.

## II. Conclusion

For the foregoing reasons, SKPI seeks the entry of the stay of execution of the judgment without bond as set forth in this reply and SKPI's initial brief. In the alternative, SKPI suggests that any required bond should be modest in value, given

the circumstances before the Court. Finally, SKPI again suggests that this motion be decided on the briefs before the Court, without a hearing.

DATED: June 26, 2017               Respectfully submitted,

                                                      BOIES SCHILLER FLEXNER LLP
                                                     DAVID K. WILLINGHAM

                                                     By:  */s/ David K. Willingham*

                                                     FINNEGAN HENDERSON FARABOW
                                                   GARRETT & DUNNER LLP
                                                   RICHARD L. STROUP
                                                   CHARLES H. SUH
                                                   PARMANAND K. SHARMA

                                                   Attorneys for DEFENDANTS and
                                                   COUNTERCLAIMANTS SKC
                                                   KOLON PI, INC. and SKC, INC.