BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM, State Bar No. 198874
  *dwillingham@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

FINNEGAN HENDERSON FARABOW
 GARRETT & DUNNER LLP
RICHARD L. STROUP (*Admitted Pro Hac Vice*)
  *richard.stroup@finnegan.com*
PARMANAND K. SHARMA (*Admitted Pro Hac Vice*)
  *anand.sharma@finnegan.com*
901 New York Avenue NW
Washington, DC 20001-400
Telephone: (202) 408-4446
Facsimile: (202) 408-4400
CHARLES H. SUH (*Admitted Pro Hac Vice)*
  *charles.suh@finnegan.com*
11955 Freedom Drive, Suite 800
Reston, VA 20190
Telephone: (571) 203-2477
Facsimile: (202) 408-4400

Attorneys for DEFENDANTS and
COUNTERCLAIMANTS SKC KOLON
PI, INC. and SKC, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| KANEKA CORPORATION,<br><br>              Plaintiff,<br><br>        v.<br><br>SKC KOLON PI, INC.; and SKC, INC.,<br><br>              Defendants.<br><br>SKC KOLON PI, INC.; and SKC, INC.,<br><br>              Counterclaimants,<br><br>        v.<br><br>KANEKA CORPORATION,<br><br>              Counterdefendant. | Case No. 2:11-CV-03397-JGB-RZ<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' MOTION TO RE-TAX COSTS**<br><br>Judge:    Hon. Jesus G. Bernal<br>Place:    Courtroom 1<br>          3470 Twelfth Street<br>          Riverside, CA 92501<br><br>Trial:    November 3, 2015<br>Judgment: May 25, 2017 |

**Table of Contents**

I. INTRODUCTION ..................................................................................................1

II. AN AWARD OF NO COSTS TO KANEKA, LEAVING THE PARTIES RESPONSIBLE FOR THEIR RESPECTIVE COSTS, IS WELL WITHIN THE COURT'S DISCRETION AND IS THE APPROPRIATE JUDGMENT IN THIS CASE ...................................................2

III. IF THE COURT CONCLUDES THAT SOME COSTS SHOULD BE AWARDED TO KANEKA, THE AWARD SHOULD BE REDUCED BY NONTAXABLE COSTS AND APPORTIONED TO ACCOUNT FOR KANEKA'S SUCCESS RATE ..............................................................3

IV. IF THE COURT DETERMINES TO AWARD COSTS, IT SHOULD DEFER REVIEWING THE COST AWARD UNTIL AT LEAST POST-TRIAL MOTIONS HAVE BEEN RESOLVED ...................................6

V. CONCLUSION .....................................................................................................7

## Table of Authorities

Page(s)

**Federal Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   Case No. 11-cv-01846-LHK,
   2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ........................................................ 5

*Champion Produce, Inc. v. Ruby Robinson Co.*,
   342 F.3d 1016 (9th Cir. 2003) ................................................................................. 3

*Davis v. Professional Musicians Local 47*,
   Case No. 12-00960,
   2015 WL 12733441 (C.D. Cal. Apr. 17, 2015) ........................................................ 4

*Eidos Display, LLC v. AU Optronics Corp.*,
   Civil No. 6:11-cv-00201-LED-JDL,
   2014 WL 11511734 (E.D. Tex. Oct. 10, 2014) ........................................................ 5

*Escriba v. Foster Poultry Farms, Inc.*,
   743 F.3d 1236 (9th Cir. 2014) ................................................................................. 2

*Exxon Mobil Corp. v. New West Petroleum L.P.*,
   No. CIV 03-2222 WBS EFB,
   2008 WL 4830594 (E.D. Cal. Nov. 5, 2008) ........................................................... 3

*Lasic v. Moreno*,
   No. 2:05-cv-0161-MCE-DAD,
   2007 WL 4180655 (E.D. Cal. Nov. 21, 2007) ......................................................... 6

*Lotto Indus., Inc. v. Disabled Am. Veterans Phoenix, Chapter No. 1*,
   112 F. App'x 575 (9th Cir. 2004) ............................................................................ 3

*Memory Lane, Inc. v. Classmates Int'l, Inc.*,
   Case No. SACV 11-940-JLS,
   2014 WL 12617383 (C.D. Cal. July 25, 2014) ........................................................ 6

*Open Text S.A. v. Box, Inc.*,
   Case No. 13-cv-04910-JD-JD,
   2015 WL 4940798 (N.D. Cal. Aug. 19, 2015) ........................................................ 2

*Parkerson v. Borst*,
    256 F. 827 (5th Cir. 1919) ................................................................................... 6

*Pierce v. County of Orange*,
    905 F. Supp. 2d 1017 (C.D. Cal. 2012) ............................................................ 2, 4

*Ruiz v. A.B. Chance Co.*,
    234 F.3d 654 (Fed. Cir. 2000) ............................................................................ 3

**Rules**

Fed. R. Civ. P. 54 ..................................................................................................... 1

Local Rule 54-3.5 .................................................................................................... 4

Local Rule 54-3.7 .................................................................................................... 4

Local Rule 54-8 ....................................................................................................... 1

Pursuant to Fed. R. Civ. P. 54 and Civ. L.R. 54-8, Defendants SKC Kolon PI, Inc. and SKC, Inc. (collectively, "SKPI") respectfully request this Court's review of the Clerk's taxation of $237,607.24 in costs to Kaneka Corporation ("Kaneka"). In response to Kaneka's initial bill of costs and the parties' respective submissions, *see* Dkt. Nos. 742, 744, 746, the Clerk denied certain costs while awarding others. Dkt. No. 764. SKPI seeks this Court's discretionary judgment on only three issues and otherwise accepts the Clerk's determinations.

## I. INTRODUCTION

SKPI seeks review of issues that only this Court has the requisite historical knowledge and experience to address and decide, in the exercise of its discretion. As this Court has well learned, this action presents an unusual and complicated set of circumstances, in which neither party has been or is now the single prevailing party on all issues. Since 2010, the parties have litigated before this Court, the Patent Office, the International Trade Commission ("ITC"), and the Federal Circuit. After years of fact discovery, document analyses, depositions, translations, interpretation, and expert reviews and opinions, SKPI won on the majority of the claims on the five patents Kaneka originally asserted. Kaneka lost decisively at the ITC on four patents, and at the close of expert discovery in this case, Kaneka dismissed with prejudice two of the patents. Before trial in this action, the Patent Office found a third asserted patent to be invalid (and the Federal Circuit later affirmed). While SKPI recognizes that the jury has entered a verdict against it on the two remaining patents, SKPI has through significant legal expense and cost prevailed fully in this action on three of the five asserted patents.

Even if the jury's verdict on the two patents stands, SKPI submits that this Court in its discretion should decline to award costs to either party, leaving each responsible for its respective costs. In the alternative, if the Court determines that

Kaneka is entitled to some award of costs, SKPI submits that the Clerk's award of costs for depositions and/or translations and interpretations should be reduced to exclude nontaxable costs and should be apportioned to reflect Kaneka's success on only two of the five originally asserted patents. Finally, as the verdict is now subject to several post-trial motions on the merits, SKPI submits that, to conserve time and resources, any consideration and award of costs should be deferred at least until those motions are resolved.

## II. AN AWARD OF NO COSTS TO KANEKA, LEAVING THE PARTIES RESPONSIBLE FOR THEIR RESPECTIVE COSTS, IS WELL WITHIN THE COURT'S DISCRETION AND IS THE APPROPRIATE JUDGMENT IN THIS CASE

Where "issues in the case were close and difficult" and neither party prevailed in all respects, courts "ha[ve] discretion not to award [costs]." *Open Text S.A. v. Box, Inc.*, Case No. 13-cv-04910-JD-JD, 2015 WL 4940798, at *10-11 (N.D. Cal. Aug. 19, 2015) (citing *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014)); *see also Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. 2012) (noting that "if a judgment is mixed, 'it is within the discretion of a district court to require each party to bear its own costs'" (citation omitted)).

Kaneka filed the instant suit in 2010, asserting infringement of five patents. The matter was stayed pending an investigation before the ITC on four of those five patents.[1] Dkt. No. 88. After extensive discovery, dispositive motions, a hearing, and post-hearing submissions, the ITC granted Kaneka no relief whatsoever. Dkt. No. 744-1 ¶ 2. Kaneka did not appeal from that loss. It instead asserted all five patents against SKPI in this Court. After extensive fact and expert discovery, Kaneka

---

[1] The '064 patent was not at issue at the ITC because it had already expired.

dismissed with prejudice two of the five patents, leaving only three patents at issue. Before trial, however, the Patent Office found one of those patents invalid, and the Federal Circuit affirmed that decision. Kaneka proceeded to try the only two remaining patents. Kaneka received a favorable jury verdict on those two patents, and that verdict is now subject to post-trial motions on the merits. *See* Dkt. No. 750.

Considering the entirety of these litigations and proceedings, which are all interrelated, SKPI respectfully submits that the Court should exercise its discretion and decline to award costs altogether. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir. 2003); *see also Lotto Indus., Inc. v. Disabled Am. Veterans Phoenix, Chapter No. 1*, 112 F. App'x 575, 576–577 (9th Cir. 2004) (finding no abuse of discretion in the court's refusal to tax costs when "success was shared" (citation omitted)); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) ("Ruiz and Fasteel prevailed on the patent invalidity issue, but Chance prevailed on all of the other issues, including the non-patent issues. The district court did not err in refusing to award costs, for neither party prevailed sufficiently to require an award of costs and make a decision not to do so an abuse of discretion."); *Exxon Mobil Corp. v. New West Petroleum L.P.*, No. CIV 03-2222 WBS EFB, 2008 WL 4830594, at *2 (E.D. Cal. Nov. 5, 2008).

**III.   IF THE COURT CONCLUDES THAT SOME COSTS SHOULD BE AWARDED TO KANEKA, THE AWARD SHOULD BE REDUCED BY NONTAXABLE COSTS AND APPORTIONED TO ACCOUNT FOR KANEKA'S SUCCESS RATE**

If the Court awards Kaneka costs, SKPI submits that two of the categories in the Clerk's taxation of costs should be revisited and reduced to remove nontaxable costs and to reflect Kaneka's success rate in this case.

The first category is costs for deposition transcripts under Local Rule 54-3.5. The Clerk taxed $55,824.24 in costs (Dkt. No. 764), which represents all deposition costs Kaneka initially sought. That award includes $28,598.50 in expedited transcripts, which are not taxable or recoverable. Dkt. No. 744 at 20-23; Civ. L.R. 54-3.5 ("non-expedited transcripts"); *see Davis v. Professional Musicians Local 47*, Case No. 12-00960, 2015 WL 12733441, at *3 (C.D. Cal. Apr. 17, 2015) (denying costs for expedited transcripts, as "the rule explicitly limits the taxing of deposition transcripts to 'non-expedited transcripts'"). Removing those nontaxable costs yields $27,225.74, which SKPI submits should then be apportioned to reflect Kaneka's success rate. *See Pierce*, 905 at 1049 ("[I]f a judgment is mixed, . . . the Court may apportion costs on successful and unsuccessful claims."). Because the record does not allow the Court to dissect the various depositions into testimony or exhibits relevant to the different patents or the issues pursued at trial, SKPI respectfully submits the deposition transcript costs should be multiplied by 2/5 to account for Kaneka prevailing only on two of the five originally asserted patents. Applying that apportionment leads to a resultant maximum recovery of $10,890.30 in costs for deposition transcripts. *See* Dkt. No. 744-2 at 2.

The second category is costs for interpreters' and translators' fees under Local Rule 54-3.7. Because the parties are Japanese and Korean companies, both parties spent considerable expenses in translating documents and paying interpreters to serve as the official interpreter or a check interpreter during deposition or at trial. Presumably, both parties also used translators and interpreters when counsel met with their respective clients or reviewed documents and prepared for the cases. Not all of these services were required; many were incurred as discretionary strategic calls. And these efforts did not lead to a complete victory in favor of either party. Given these circumstances, SKPI submits that the Court would be well within its

discretion to not award translation and interpretation costs to Kaneka, leaving both parties responsible for their respective costs in these areas.

If the Court determines that some costs should be awarded to Kaneka in this category, however, SKPI submits that the award should be less than that awarded by the Clerk. Although the Clerk reduced the costs Kaneka initially sought under this category by $57,974.04, the Clerk's taxation does not provide an explanation for the reduction. Nonetheless, given the amount of costs taxed ($167,360.15), the Clerk's taxation must include some or all of the cost of using check interpreters ($126,381.39) and may also include the cost of unrelated and pre-trial preparations that took place months and even up to a year before the November 2015 trial ($25,552.13). Dkt. No. 744 at 32-34. Regardless of the analysis the Clerk applied, these combined costs of $151,933.52 are not recoverable and should be removed. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-01846-LHK, 2014 WL 4745933, at *13 (N.D. Cal. Sept. 19, 2014); *see also Eidos Display, LLC v. AU Optronics Corp.*, Civil No. 6:11-cv-00201-LED-JDL, 2014 WL 11511734, at *7 (E.D. Tex. Oct. 10, 2014). Thus, at most, Kaneka can recover $73,400.67 (subtracting the $151,933.52 in nontaxable costs from Kaneka's initial request of $225.334.19) for interpreters' and translators' fees.

In summary, even if the Court determines that Kaneka should be awarded some costs, SKPI submits that any cost award should be no more than $98,713.82 (which represents the sum of the Clerk's taxed costs for which SKPI seeks no review plus the maximum costs of $10,890.30 for depositions and the maximum costs of $73,400 for interpreters' and translators' fees).

/ / /

/ / /

/ / /

-5-

## IV. IF THE COURT DETERMINES TO AWARD COSTS, IT SHOULD DEFER REVIEWING THE COST AWARD UNTIL AT LEAST POST-TRIAL MOTIONS HAVE BEEN RESOLVED

In the interest of justice and judicial economy, SKPI submits that the Court should defer review and taxation of costs at least until it resolves all post-trial motions. Dkt. No. 750. Assessing and awarding costs before resolution of those post-trial motions may become moot. *Parkerson v. Borst*, 256 F. 827, 828 (5th Cir. 1919). The Court has already stayed accounting of supplemental damages pending resolution of those post-trial motions. *See* Dkt. No. 740 ¶¶ 13-15. SKPI respectfully submits that the Court should likewise defer resolution of costs, if the Court determines to award them. *Memory Lane, Inc. v. Classmates Int'l, Inc.*, Case No. SACV 11-940-JLS, 2014 WL 12617383, at *1 (C.D. Cal. July 25, 2014) (suggesting a prevailing part may recover costs after final judgment has been entered). Further, this Court also has the discretion to not determine costs until the Federal Circuit decides an appeal from the final judgment. *See, e.g.*, *Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) ("Deferring taxation of costs, recognizing that "[i]t is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending.").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-6-

## V. CONCLUSION

For the reasons stated above, SKPI respectfully requests the Court, in its discretion, decline to award costs. If the Court awards costs, SKPI submits that the Clerk's taxation of costs be reduced to no more than $98,713.82.

DATED: August 22, 2017

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP
DAVID K. WILLINGHAM

By: *David K. Willingham*

FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
RICHARD L. STROUP
CHARLES H. SUH
PARMANAND K. SHARMA

Attorneys for DEFENDANTS and COUNTERCLAIMANTS SKC KOLON PI, INC. and SKC, INC.